

FILED
August 21, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:     RR
Deputy

**SEALED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>(1) ARNULFO JAVIER MALDONADO<br><br>(2) DARIUS RAY SPRINGS<br>aka Dee STN<br><br>Defendants | Case No: SA:24-CR-00408-JKP<br><br>**INDICTMENT**<br><br>COUNT 1: 18 U.S.C. §933<br>Firearm Trafficking Conspiracy<br><br>COUNTS 2 & 8: 18 U.S.C. § 922(o)<br>Possession of a Machine Gun<br><br>COUNTS 3 & 4: 26 U.S.C. §5861(d)<br>Possession of Unregistered Machine Gun<br><br>COUNTS 5 & 7: 18 U.S.C. §933<br>Firearm Trafficking<br><br>COUNT 6: 18 U.S.C. §922(j)<br>Possession of a Stolen Firearm<br><br>COUNTS 9 & 10: 18 U.S.C. § 922(a)(1)(A)<br>Dealing in Firearms Without a License |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**[18 U.S.C. § 933(a)(3)]**

On or about March 3, 2024 to June 20, 2024, in the Western District of Texas, the defendants,

(1) **ARNULFO JAVIER MALDONADO** and
(2) **DARIUS RAY SPRINGS, aka "Dee STN"**

and others, did conspire to ship, transport, transfer, cause to be transported, or otherwise dispose of a firearm, to wit: an American Tactical Imports (ATI) Mil-Sport model rifle, .223 caliber, with an obliterated serial number, containing a machine gun conversion device, and a Ruger model LCP pistol, .380 caliber, serial number 371610408, to another person in or otherwise affecting

1

commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, to wit: smuggling goods from the United States, possession of a machinegun, and possession of a stolen firearm, all in violation of Title 18, United States Code, Section 933(a)(3).

## COUNT TWO
## (18 U.S.C. §922(o) and 2)

On or about March 27, 2024, in the Western District of Texas, the Defendants,

**(1) ARNULFO JAVIER MALDONADO and
(2) DARIUS RAY SPRINGS, aka "Dee STN"**

aided and abetted by each other, did knowingly possess a machinegun, to wit: an American Tactical Imports (ATI) model Mil-Sport .223 caliber machinegun with an obliterated serial number, which was equipped with a machinegun conversion device that made the pistol capable of firing automatically more than one shot, without manual reloading, by a single function of the trigger, and 27 machinegun conversion devices, in violation of Title 18, United States Code, Sections 922(o) and 2.

## COUNT THREE
## (26 U.S.C. §5861(d))

On or about March 27, 2024, in the Western District of Texas, the Defendant,

**(1) ARNULFO JAVIER MALDONADO**

knowingly possessed firearms, to wit: 27 machinegun conversion devices, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## COUNT FOUR
## (26 U.S.C. §5861(d))

On or about March 27, 2024, in the Western District of Texas, the Defendant,

**(2) DARIUS RAY SPRINGS, aka "Dee STN"**

knowingly possessed a firearm, to wit: an American Tactical Imports (ATI) Mil-Sport model rifle, .223 caliber, with an obliterated serial number, containing a machine gun conversion device, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## COUNT FIVE
## [18 U.S.C. § 933(a)(1)]

On or about April 30, 2024, in the Western District of Texas, the defendant,

**(2) DARIUS RAY SPRINGS, aka "Dee STN"**

did ship, transport, transfer, cause to be transported, or otherwise dispose of a firearm, to wit: a Sig Sauer model P238 pistol, .380 caliber, serial number 27A155941, a Palmetto State Armory model Dagger Compact pistol, 9mm caliber, serial number FG051982, a Shadow Systems model CR920 pistol, 9mm caliber, serial number S027177, a SCCY Industries model CPX-2 pistol, 9mm caliber, serial number C266790, and a Glock GMBH model 48 pistol, 9mm caliber, serial number BKYY572, to another person in or otherwise affecting commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, to wit: smuggling goods from the United States and possession of a stolen firearm, all in violation of Title 18, United States Code, Section 933(a)(1).

## COUNT SIX
## [18 U.S.C. § 922(j)]

On or about April 30, 2024, in the Western District of Texas, the defendant,

**(2) DARIUS RAY SPRINGS, aka "Dee STN"**

knowingly possessed at least one stolen firearm, to wit: a Glock GMBH model 48 pistol, 9mm caliber, serial number BKYY572, which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18, United States Code, Sections 922(j).

## COUNT SEVEN
### [18 U.S.C. § 933(a)(1)]

On or about June 20, 2024, in the Western District of Texas, the defendant,

**(2) DARIUS RAY SPRINGS, aka "Dee STN"**

did ship, transport, transfer, cause to be transported, or otherwise dispose of a firearm, to wit: a Glock Model 19 pistol, 9mm caliber, serial number BUAV878, and a Radical Firearms Model RF-15 pistol, serial number 23-002454, to another person in or otherwise affecting commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, to wit: possession of a machinegun, all in violation of Title 18, United States Code, Section 933(a)(1).

## COUNT EIGHT
### [18 U.S.C. § 922(o)]

On or about June 20, 2024, in the Western District of Texas, the defendant,

**(2) DARIUS RAY SPRINGS, aka "Dee STN"**

did knowingly possess a machinegun, that is, a Glock Model 19 pistol, 9mm caliber, serial number BUAV878 equipped with a "Glock Switch" Machinegun Conversion Device, which made it capable of firing automatically more than one shot, without manual reloading, by a single function of the trigger, in violation of Title 18, United States Code, Sections 922(o).

## COUNT NINE
## (18 U.S.C. § 922(a)(1)(A))

From on or about March 5, 2024, to March 28, 2024, in the Western District of Texas, Defendant,

**(1) ARNULFO JAVIER MALDONADO**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

## COUNT TEN
## (18 U.S.C. § 922(a)(1)(A))

From on or about March 5, 2024, to March 27, 2024, in the Western District of Texas, Defendant,

**(2) DARIUS RAY SPRINGS, aka "Dee STN"**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

[*See* Fed. R. Crim. P. 32.2]

### I.
### Firearm Violation and Forfeiture Statutes
[Title 18 U.S.C. § 933, subject to forfeiture pursuant to Title 18 U.S.C. § 934(a)(1)(A) and (B)]

As a result of the criminal violation set forth in Count One, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 934(a)(1)(A) and (B), which state:

**Title 18 U.S.C. § 934. Forfeiture and Fines.**

**(a) Forfeiture. --**
    **(1) In general**. -- Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law--
        (A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
        (B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . .

## II.
## Firearm Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 922(a)(1)(A) and (o), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Counts Two and Three, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

**Title 18 U.S.C. § 924. Penalties**
    **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (a) . . . (o) . . . of section 922 . . . or 933 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . . .

## III.
## Unregistered Possession Violation and Forfeiture Statutes
**[Title 26 U.S.C. § 5861(d), subject to forfeiture pursuant to Title 26 U.S.C. § 5872, made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violation set forth in Count Four, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 26 U.S.C. § 5872, made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

**Title 26 U.S.C. § 5872. Forfeitures**
    **(a) Laws applicable-** Any firearm involved in any violation of the

provisions of this chapter shall be subject to seizure and forfeiture.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
For Sarah Wannarka
Assistant U.S. Attorney